UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EDWIN KOMA AGEO,

Petitioner,

v.

KRISTI NOEM, et al.,

Respondents.

CAUSE NO. 3:26-CV-259-CCB-SJF

## **ORDER TO SHOW CAUSE**

Immigration detainee Edwin Koma Ageo, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. According to the petition, Ageo was born in Kenya but is a citizen of South Sudan. On May 24, 2022, an immigration judge deferred his removal, finding that he would likely be tortured if removed to South Sudan. On July 14, 2025, Ageo completed a State criminal sentence, and Immigration and Customs Enforcement (ICE) detained him. He is currently held at the Miami Correctional Facility.

Ageo argues that he is entitled to habeas relief because removal is not reasonably foreseeable. He argues that he cannot legally be removed to South Sudan due to the deferred removal order and because the government has not notified him that it has designated a third country for his removal. Ageo also argues that he is entitled to habeas relief because the government has not followed statutory and regulatory requirements for removing him to a third country. For relief, he seeks his immediate

release from detention and a permanent injunction preventing the respondents from detaining him again until they can show a significant likelihood of removal within the reasonably foreseeable future and also requiring full compliance with the requirements for removing him to a third country.

The court has subject matter jurisdiction under 28 U.S.C. § 2241 to review the legality of petitioner's detention, but that jurisdiction does not extend to reviewing orders of removal issued by an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). This court has already determined that neither 8 U.S.C. § 1252(b)(9) nor 8 U.S.C. § 1252(g) strips this court of jurisdiction over a habeas petition challenging a petitioner's detention under § 1231(a). *See Liang, v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 2026) (Leichty, J.) (discussing § 1252(b)(9) and § 1252(g)); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, 1-4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

To the extent the respondents would raise the same arguments regarding subject matter jurisdiction and the merits already discussed in *Liang* and *Pho*, there is no need to rehash these same arguments. The respondents may preserve them, and the court will deem such arguments preserved for review without need to repeat them in full in briefing and deem them likewise addressed by the court's previous orders, unless there is cause to address something new. The parties need only brief what is different or new, not what has been decided under the law, and those issues particular to this petitioner. The court will order a response before deciding the merits of the petition. The

respondents should provide documentation from Ageo's custody reviews and any other documentation used to justify his continued detention.

In a separate motion, Ageo asks the court to issue an order to show cause requiring a response within three days, relying on 28 U.S.C. § 2243. ECF 2. Section 2243 is not controlling, as it has been superseded by the Rules Governing 2254 Cases, which also applies to habeas corpus petitions under § 2241. See Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts; *Bleitner v. Welborn*, 15 F.3d 652, 653–54 (7th Cir. 1994) (discussing how Rule 4's grant of discretion to district judges to set deadlines supersedes the deadlines in § 2243). While the court declines to set a three-day response deadline, the court agrees that a reasonably short deadline is appropriate. However, the court will grant Ageo's request for fifteen days to file a reply brief.

As a final matter, Markwayne Mullin has replaced Kristi Noem as the Secretary of the Department of Homeland Security. "An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d). Consequently, the court will direct the clerk to substitute Markwayne McMullin as a respondent for Kristi Noem.

 For these reasons, the court:

(1) **PARTIALLY GRANTS** the motion for order to show cause (ECF 2);

(2) **DIRECTS** the clerk to **SUBSTITUTE** Markwayne Mullin as a respondent for Kristi Noem;

(3) DIRECTS the clerk to serve a copy of this order and the petition (ECF 1) by certified mail, return receipt requested, to (a) the Civil-Process Clerk for the United States Attorney for the Northern District of Indiana; (b) the Secretary of the Department of Homeland Security at the Office of General Counsel; (c) the Acting Director of Immigration and Customs Enforcement at the Office of the Principal Legal Advisor; (d) the Field Office Director for the Chicago ICE Field Office at the Office of the Principal Legal Advisor; and (e) the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(4) **DIRECTS** the clerk to email a copy of this order and the petition (ECF 1) to (a) the Indiana Department of Correction; (b) the Warden of Miami Correctional Facility at Miami Correctional Facility, and (c) the United States Attorney for the Northern District of Indiana;

(5) **ORDERS** the entities listed in the previous order line to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries;

(6) **ORDERS** the respondents to file a brief status report by **April 15, 2026**, with a continuing obligation to supplement with new information, detailing whether there are plans to remove Edwin Koma Ageo from the United States in the next thirty days and, if so, to where; and

(7) **ORDERS** the respondents to answer the petition by **April 20, 2026**, including, in addition to any other relevant evidence, (a) a copy of the Order of Removal; (b) the dates of any custody reviews and decisions from those matters, and (c) the dates any

4

travel documents have been requested and the countries from which those travel documents have been requested; and

(8) **ORDERS** that Edwin Koma Ageo may file a reply by **May 5, 2026**.

SO ORDERED on April 13, 2026.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT