UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EDWIN KOMA AGEO,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

CAUSE NO. 3:26-CV-259-CCB-SJF

## OPINION AND ORDER

Immigration detainee Edwin Koma Ageo, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. The respondents have answered the petition, and Ageo has filed a reply. ECF 7, ECF 10. The petition is ready to be decided.

### BACKGROUND

Ageo was born in Kenya in a refugee camp and is either a citizen of Sudan or South Sudan. ECF 1 at 4; ECF 7-1 at 11. On November 15, 2018, Ageo was convicted of armed robbery, home invasion, and kidnapping and sentenced to incarceration. ECF 7-1 at 11. On May 24, 2022, an immigration judge ordered him removed to South Sudan but deferred his removal, finding that he would likely be tortured if removed to South Sudan. *Id.* at 1. On March 25, 2024, an immigration judge ordered Ageo removed to Kenya. *Id.* at 5-8. On July 8, 2025, Immigration and Customs Enforcement (ICE) notified him that it intended to remove him to a country other than Kenya upon his release from

criminal custody. *Id.* at 2. Ageo moved to reopen immigration proceedings based on his fear of persecution and torture if removed to certain other countries, but an immigration judge denied the motion on July 15, 2025. *Id.* at 2-4. On the same date, Ageo completed his criminal sentence and was transferred into immigration custody, and he is currently held at the Miami Correctional Facility. ECF 1 at 4.

On April 1, 2026, the respondents filed a status report representing that it was unlikely that Ageo would be removed within thirty days. ECF 6. In the response brief, the respondents represent that the government is actively working to find a country that will accept Ageo for removal. ECF 7 at 3.

## SUBJECT MATTER JURISDICTION

The respondents first argue that the court lacks subject matter jurisdiction over Ageo's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang, v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 20260 (Leichty, J.); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

## MERITS

Regarding the merits of the petition, the respondents first argue that Ageo's detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention

pending execution of a removal order. However, beyond the "removal period,"[1] which for Ageo ended in October 2025, continued detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Because Ageo has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable.

---

[1] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

Even before his transfer to immigration custody, the government had ruled out removing Ageo to South Sudan through deferral and to Kenya by notifying him that it intended to remove him to a country other than Kenya. However, despite this notice, the respondents have identified no specific countries under consideration for removal. Additionally, Ageo's immediate term of detention now spans ten months. The court finds that this showing constitutes good reason to believe that there is no significant likelihood of Ageo's removal in the reasonably foreseeable future.

To rebut this showing, the respondents offer only a vague representation that the government is actively working to find a country willing to accept Ageo for removal. This meager showing does not persuade the court that Ageo's removal is likely to occur within the reasonably foreseeable future. It does not explain why the government has been unable to find a suitable country for removal after ten months of detention. More specifically, the respondents offer no description of specific measures taken by the government in trying to find such a country, no explanation of why this process remains ongoing after ten months, or how much longer the removal process will take once such a country is identified. Consequently, the court finds that the respondents have not adequately demonstrated that Ageo's removal is reasonably foreseeable. Therefore, the respondents must release Ageo.

In the petition, Ageo also asks the court to prohibit the government from detaining him again until it can demonstrate a significant likelihood of removal within the reasonably foreseeable future and to require the government to fully comply with the procedural requirements for removing him to a third country, including prior notice

4

of the third country with an opportunity to pursue fear-based protection. Habeas allows for equitable remedies and allows courts "to fashion appropriate relief other than immediate release." *Peyton v. Rowe*, 391 U.S. 54, 66 (1968). But the custody requirement is absolute, *see Maleng v. Cook*, 490 U.S. 488, 492 (1989) ("While we have very liberally construed the "in custody" requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction."), even if that custody is in the future, *see Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973) ("[T]he writ is available as well to attack future confinement and obtain future releases."). The record contains no indication that the government is likely to unlawfully detain Ageo again or that it will remove him to any country without giving him prior notice or an opportunity to pursue fear-based protection. Consequently, the court declines to issue this form of habeas relief.

For these reasons, the court:

(1) **PARTIALLY GRANTS** the petition for writ of habeas corpus (ECF 1) and ORDERS the respondents to release Edwin Koma Ageo on appropriate conditions of supervised release and to certify compliance with this order by filing a notice with the court by **April 30, 2026**;

(2) **DIRECTS** the clerk to email a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure his release; and

(3) **ORDERS** that any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on April 28, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT